UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | |
|---|---|
| ASHLEY FRANCIS | **CV** |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| ALLEN STREET OWNER LLC AND ORCHARD F&B LLC | **JURY TRIAL REQUESTED** |
| Defendants. | |

--------------------------------------------------------------x

**COMPLAINT**

Plaintiff Ashley Francis (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendants Allen Street Owner LLC and Orchard F&B LLC (together referred to as "Defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12181 *et seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease,

lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that customers with disabilities are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

## PARTIES

5. Defendant Allen Street Owner LLC owns the property located at 139 Orchard Street a/k/a 140 Allen Street in New York County, New York (hereinafter referred to as "139 Orchard Street").

6. At all relevant times, defendant Orchard F&B LLC leases property located at 139 Orchard Street from the defendant Allen Street Owner LLC.

7. At all relevant times, defendant Orchard F&B LLC has and continues to operate a restaurant and coffee shop establishment at 139 Orchard Street a/k/a 140 Allen Street doing business as Isla & Co. (hereinafter referred to as the "Isla & Co." premises).

8. Each defendant is licensed to and does business in New York State.

9. Upon information and belief, Allen Street Owner LLC and Orchard F&B LLC have a written lease agreement.

10. Upon information and belief, the Parched Hospitality Group owns and operates Orchard F&B LLC that does business as Isla & Co.

11. Non-party Parched Hospitality Group operates 13 restaurants and bars across New York and Florida, along with a direct-to-consumer coffee brand.

12. At all times relevant to this action, Plaintiff Ashley Francis has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

13. At all times relevant to this action, Plaintiff Ashley Francis has been and remains currently a resident of the Lower East Side section of Manhattan.

14. Plaintiff resides about three blocks away from Isla & Co.

15. Located on the ground floor of The Merchant Hotel, Isla & Co. is a popular spot for brunch, dinner, and cocktails. Isla & Co.'s menu features elevated comfort food, great coffee, and a full bar with classic cocktails and an expanded wine list, all served in a relaxed, vibrant setting.

16. Plaintiff is aware of the hype with Isla & Co.'s espresso martini and desires to try it.

17. Plaintiff also enjoys good coffee and desires to try the stand-alone Isla & Co. coffee shop located on the Orchard Street side.

18. Plaintiff travels near and by Isla & Co. on an almost daily basis.

19. During Plaintiff's travels, she has desired to try Isla & Co. since January 2026.

20. Plaintiff enjoys trying new places in her neighborhood by herself and with her friends.

21. Plaintiff observed the construction going on and is amazed by the beautiful and unique design of this newly constructed building.

22. Plaintiff consequently desires to see if the interior is just as interesting as the exterior.

23. There are two entrances to Isla & Co. - one at Orchard Street and the other on Allen Street.

24. But both entrances have two steps that deny Plaintiff the human right to enter.

25. The Allen Street entrance is level with the public sidewalk but immediately after traveling through the door, a person encounters two steps leading down to the floor level as shown in the picture below:



26. Along Allen Street is a locked emergency exit gate that cannot be independently opened by a patron as shown in the picture below:



27. The Orchard Street entrance has two steps on the public sidewalk and no signage indicating the existence of a wheelchair accessible entrance as shown in the picture below:




28. Along the Orchard Street side of the building is a ramped walkway leading to a locked service entrance that is used for deliveries and staff.

29. There is no signage at this ramped walkway or at the locked door indicating a wheelchair accessible entrance open to the public.

30. The locked service entrance does not lead into a public space inside the building.

31. Plaintiff continues to travel by Isla & Co. and desires to patronize.

32. But because of architectural barriers (entrance steps), Plaintiff is unable to enter and patronize unless Defendants are enjoined to perform accessibility remediation.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

33. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Isla & Co. premises located at 139 Orchard Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

34. The Isla & Co. premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

35. Numerous architectural barriers exist at the Isla & Co. premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

36. Upon information and belief, 139 Orchard Street was designed and constructed for first possession after 2024.

37. Upon information and belief, at some time after 2025, alterations were made to the Isla & Co. premises, and to areas of 139 Orchard Street related to the Isla & Co. premises.

38. 139 Orchard Street is still operating under a temporary certificate of occupancy from the New York City Department of Buildings.

39. The services, features, elements and spaces of the Isla & Co. premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

40. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Isla & Co. premises that are open and available to the public.

41. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

42. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Isla & Co. premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendants do not provide accessible public entrances as the public entrances have steps. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II. Defendants fail to provide an accessible route to the primary entrance from the sidewalk and/or street. See Administrative Code § 27-292.5(b).

III. Defendants do not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit. See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

IV. At the inaccessible public entrance, defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance. See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

V. Defendants have an inaccessible public entrance and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance. See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VI. The property owner defendant failed to provide an accessible entrance to the tenant defendant. See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

VII. Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 Standards §§ 4.3.2, 4.1.2(2), 4.1.3(1); and 2010 Standards §§ 206.1, 206.2, 206.2.2, 206.2.4; and BCCNY § 1101.2, 1104.2.

VIII. The interior space of defendants' public accommodation is not accessible and usable to the disabled plaintiff. See Administrative Code §§ 27-292.10 and 27-292.5.

IX. Defendants fail to provide at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises. See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

X. Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XI. Defendants fail to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XII. Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route. See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XIII. Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the general circulation path and/or emergency egress routes. See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XIV. Defendants fail to provide the International Symbol of Accessibility at its designated accessible seating. BCCNY § 11010.1(9).

XV. Defendants fail to provide dining tables and/or surfaces that are at an accessible height. See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XVI. Defendants fail to provide dining tables and/or surfaces that have the minimum required knee clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVII. Defendants fail to provide dining tables and/or surfaces that have the minimum required toe clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVIII. Defendants fail to provide a bench seat of sufficient length or depth. See 2010 Standards § 903.3.

XIX. Defendants fail to provide that the top of the bench seat is between 17 inches and 19 inches above the finished floor. See 2010 Standards § 903.5.

XX. Defendants fail to provide a bench seat with the minimum required back support. See 2010 Standards § 903.4.

XXI. Defendants fail to provide an accessible public toilet room. See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XXII. Defendants do not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor. See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703.

XXIII. Defendants fail to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XXIV. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the door to the toilet room and/or stall. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XXV. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the toilet door exit. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XXVI. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the toilet door is free of obstructions, which include, but are not limited to, trash container(s). See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards § 404.2.4.3, 305.3, 604.8.1.2.

XXVII. Defendants' interior toilet room door requires more than five pounds of force to open. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

43. Upon information and belief, a full inspection of the Isla & Co. premises will reveal the existence of other barriers to access.

44. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Isla & Co. premises to catalogue and cure all the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

45. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

46. Defendants have not complied with their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

47. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Isla & Co. premises continue to exist and deter Plaintiff.

48. Plaintiff intends to patronize the Isla & Co. premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

49. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

50. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

51. The "General Rule" of the ADA is that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

52. Defendants violate the ADA at 42 U.S.C. § 12182(a) by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of its public accommodation.

53. The ADA at 42 U.S.C. § 12182(b)(1)(A)(i) states that: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

54. Defendants violate the ADA at 42 U.S.C. § 12182(b)(1)(A)(i) by denying Plaintiff, because of his disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendants.

55. The ADA at 42 U.S.C. § 12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

56. Defendants violate the ADA at 42 U.S.C. § 12182(b)(1)(B) by failing to afford the disabled Plaintiff with its services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

57. Defendants fail to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

58. The ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges,

advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

59. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to make reasonable modifications in their policies, practices, or procedures that would result in the disabled Plaintiff being able to enjoy its services, facilities, privileges, advantages, or accommodations.

60. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. § 36.201(b).

61. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."

62. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

63. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can they escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. § 36.201(b).

64. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

65. By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

66. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

67. The Isla & Co. premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

68. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. § 12183(a)(2).

69. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

70. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

71. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

72. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

73. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R § 36.101 *et seq.*

74. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

75. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

76. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has a disability within the meaning of the Executive Law § 292(21).

77. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

78. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

79. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

80. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants has aided and abetted others in committing disability discrimination.

81. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

82. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

83. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

84. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

85. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

86. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

87. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

88. Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

89. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants has aided and abetted others in committing disability discrimination.

90. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

91. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

92. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

93. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

94. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

95. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Allen Street Owner LLC continuously controlled, managed, and operated the public sidewalk abutting 139 Orchard Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

96. Allen Street Owner LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

97. Defendants' conduct also violates the NYCHRL, Administrative Code § 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

98. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

99. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

100. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

101. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

102. By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

103. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

104. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

105. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

106. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

107. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

108. Consequently, Defendants denied Plaintiff the full and equal accommodations, advantages, facilities, and privileges of a place of public accommodation because of disability, in violation of N.Y. Civ. Rights Law § 40.

109. Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

110. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

111. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

112. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

C. Issue a permanent injunction ordering Defendants to modify their policies, practices, procedures and/or conduct in compliance with the ADA, NYSHRL and NYCHRL so that Plaintiff is not excluded from and can have the full and equal enjoyment of the services, facilities, privileges, advantages, and/or accommodations offered by the Defendants;

D. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not recur;

E. Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

F. Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

G. Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: September 28, 2026
New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:______________________

Glen H. Parker, Esq.
Attorneys for Plaintiff
28 Valley Road, Suite 1
Montclair, New Jersey 07042
Telephone: (347) 292-9042
Email: ghp@parkerlawusa.com